# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1627 PA (JEMx) | Date | April 18, 2017 |
|---|---|---|---|
| Title | Michael Holmes v. Behavior Frontiers, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| V.R. Vallery | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

On March 30, 2017, the Court granted Motion to Dismiss filed by defendant Behavior Frontiers, LLC ("Defendant"). In dismissing the Complaint filed by plaintiff Michael Holmes ("Plaintiff"), who is appearing pro se, the Court stated that if Plaintiff wished to pursue his claim in the Los Angeles Superior Court, where he filed his action and it was pending until Defendant filed its Notice of Removal, Plaintiff could, no later than April 17, 2017, file a Notice of Intent to Litigate California Claims in Superior Court in this Court. If Plaintiff filed such a Notice, the Court would dismiss Plaintiff's federal claims with prejudice, decline to exercise supplemental jurisdiction over his state law claims, and remand the action to Los Angeles Superior Court, so that Plaintiff could pursue all of his state law claims in that court.

Plaintiff timely filed a Notice of Intent to Litigate California Claims in Superior Court in which he states that he "intends to litigate the California Claim . . . in the Los Angeles Superior Court." Consistent with the Court's March 30, 2017 Order, the Court therefore dismisses Plaintiff's federal claims for civil rights violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act with prejudice.

The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-1627 PA (JEMx) | Date | April 18, 2017 |
|---|---|---|---|
| Title | Michael Holmes v. Behavior Frontiers, LLC | | |

Through the filing of the Notice of Intent to Litigate California Claims in Superior Court, Plaintiff has consented to the dismissal with prejudice of the only claims over which the Court has original jurisdiction. Accordingly, the Court dismisses the federal claims with prejudice and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Court further exercises its discretion to remand the action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to Los Angeles Superior Court, Case No. BC649094.

The Court cautions Plaintiff that if he were to attempt to reassert his federal claims in the state court proceedings—claims which this Court has dismissed with prejudice—Defendant may attempt to again remove the action to this Court. As the Court stated in its March 30, 2017 Order, rather than relying on references to federal law, Plaintiff may wish to consider the protections provided by the California's Fair Employment and Housing Act ("FEHA"), which provides many of the same protections against race and gender discrimination, harassment, and retaliation that Plaintiff appears to have attempted to assert with his references to Title VII, the ADA, and the Rehabilitation Act. See Cal. Gov't Code § 12940.

IT IS SO ORDERED.